NO. 07-06-0153-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 17, 2006


 ______________________________



TUWI STARKS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;



NO. D-1-DC-05-904188; HONORABLE BOB PERKINS, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant, Tuwi Starks, appeals his conviction for the offenses of aggravated assault
with a deadly weapon in retaliation and aggravated kidnapping with a deadly weapon and
sentence of 14 years incarceration in the Texas Department of Criminal Justice -
Institutional Division. The reporter's record is due in this cause. Previous extensions of
the applicable deadline have been sought by the court reporter on the basis that appellant
has made only partial payment and cannot pay the remaining balance. Nothing of record
appears showing appellant is indigent and entitled to a free record. This court has received
correspondence from retained counsel indicating a desire to withdraw. However, counsel
has not filed a motion to withdraw complying with Texas Rule of Appellate Procedure 6.5.

 Accordingly, we now abate this appeal and remand the cause to the 331st District
Court of Travis County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following:

1. whether appellant desires to prosecute the appeal; 

2. whether appellant's retained counsel will diligently pursue the appeal;

3. if it is determined that present counsel will not diligently pursue the appeal,
whether appellant is presently indigent, and if so, whether appellant is
entitled to a free appellate record and other appointed counsel on appeal.

 The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk's record containing the findings of fact and conclusions of
law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before November 17, 2006. Should further time be
needed by the trial court to perform these tasks, then same must be requested before
November 17, 2006. Finally, if the trial court determines that appellant is entitled to
appointed counsel and appoints counsel, it must inform this court of the name, address,
and state bar number of the appointed counsel.

 It is so ordered. 

 

 Per Curiam 

 

Do not publish.